IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:01-CR-350-1 |
| | ) | |
| TOMMY TARRELL MCCASKILL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 318.) The Government has filed a Response opposing the motion, (ECF No. 323.) The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show he is entitled to the relief he seeks. Accordingly, Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2), (ECF No. 318), will be denied.

**I.   BACKGROUND**

On July 6, 2001, Defendant pled guilty to: Count One, conspiracy to distribute cocaine base "crack" in violation of 21 U.S.C. § 846 and 841(a)(1) & (b)(1)(A); and Count Seventeen, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) & 924(e)(1). (Minute Entry of 7/6/2001; ECF No. 253 at 1-2.) Defendant was sentenced to 216 months on Count One and 120 months on Count Seventeen, the sentences to run concurrently, (ECF No. 253 at 2.) In November of 2017, Defendant was released from prison to a term of

supervised release. (ECF No. 254 at 1.) Defendant's supervised release was later revoked, and on September 20, 2020, Defendant was sentenced to 24 months on each count, to run concurrently to one another and consecutive to his sentence in *United States v. McCaskill*, Case No. 1:19-CR-482 (M.D.N.C). (Minute Entry for 9/02/2020; ECF 274 at 1-2.) Defendant's current projected release date on his sentences is December 31, 2028.[1]

## II. DISCUSSION

Defendant seeks a "reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered." (ECF No. 318 at 1.) In support he states that President Biden lowered the "crack cocaine disparity to one to one for all people under the crack cocaine guidelines." (*Id.*) The Government opposes the motion, (ECF No. 323.) The Government notes that Defendant is relying upon the First Step Act of 2018 which addressed changes in the sentencing law intended to resolve the disparity between sentences for crack and powder cocaine.[2] (*Id.* at 1-2.) The Government contends Defendant received consideration of those changes during his revocation hearing. (*Id.* at 2.) The Government argues that Defendant is simply re-asserting arguments he raised in an unsuccessful motion to reduce sentence. (*Id.*)

As the Government asserts, Defendant raised these arguments in a prior motion to reduce his sentence. (*See* ECF No. 286.) In addressing the motion, the Magistrate Judge noted the parties had litigated the impact of the First Step Act during Defendant's revocation hearing

---

[1] *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc /(last visited Sep. 15, 2025).

[2] The Fair Sentencing Act of 2010 amended 21 U.S.C. § 841 to resolve the sentencing disparity between powder and crack cocaine, and Section 404 of the First Step Act of 2018 made these changes retroactive. *See United States v. Wirsing*, 943 F.3d 175, 178-81 (4th Cir. 2019).

2

and Defendant was sentenced in accordance with the First Step Act, (ECF No. 287 at 2.) Because Defendant's sentence had already been reduced pursuant to the First Step Act, the Magistrate Judge determined Defendant could not assert another claim under Section 404 of the Act. (*Id.*) The Recommendation was adopted by the Court, (ECF Nos. 290, 291.) Defendant filed a motion to reconsider the ruling, (ECF No. 294), which the Court considered and denied. (ECF Nos. 315, 319, 320.)

Defendant has not offered any new information or arguments in support of his present request for a reduction of sentence. Defendant simply makes a broad argument that he is entitled to a reduction in sentence because the guideline range has been lowered for offenses involving crack cocaine. As noted above, Defendant has received consideration under the First Step Act with respect to his revocation sentence and is not entitled to further relief. The Court finds no reason to depart from its earlier rulings.

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction under to 18 U.S.C. § 3582 (c)(2), (ECF No. 318), is **DENIED**.

This, the 18th day of September 2025.

/s/ Loretta C. Biggs
Senior United States District Judge